UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| RUSHA MEADE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-152-ART |
| | ) | |
| v. | ) | |
| | ) | |
| LOWE'S HOME CENTERS, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff, Rusha Meade, filed a Motion to Remand.  R. 3.  Defendant, Lowe's Home Centers, Inc. ("Lowe's"), failed to respond to the motion.  For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Remand.

I.   BACKGROUND

Rusha Meade filed suit against Lowe's in Pike Circuit Court on July 14, 2008, alleging that a can of paint fell from a shelf and struck him while he was in the store.  R. 1, Attach. 1 ¶¶ 3–4.  Meade alleged that he suffered damages in excess of $4,000, the jurisdictional minimum for Pike Circuit Court.  *Id.* at ¶ 6.  On August 4, 2008, Lowe's filed its Notice of Removal.  R. 1.  It argued that diversity jurisdiction under 28 U.S.C. § 1332 was present because complete diversity existed between the parties and the amount in controversy exceeded $75,000.  *Id.* at ¶¶ 5–6.

Meade filed his motion to remand on August 7, 2008, arguing that the amount in controversy does not exceed $75,000.  R. 3 at ¶ 3.  Meade also attached a declaration of counsel

stating, "Plaintiff shall not seek, request or accept damages in excess of $75,000.00, exclusive of interest and costs." *Id.* at Attach. 1. Local Rule 7.1(c) states that a "party opposing a motion must file a response memorandum within (15) days of service of the motion." Over fifteen days have passed since Meade served his motion to remand on Lowe's, but it has yet to file a response.

**II.  ANALYSIS**

As an initial matter, Defendant's failure to respond could constitute waiver of any opposition to the motion to remand. *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) (unpublished) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *see Humphrey v. U.S. Attorney General's Office*, No. 07-3740, 2008 WL 2080512, at *3 (6th Cir. May 15, 2008) (unpublished) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."). Though the Court could grant Meade's motion to remand based on Defendant's failure to respond, the Court reaches the same result even if it addresses the motion's merits.

A defendant removing a case has the burden of proving diversity jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "[W]here the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," such as Meade's Complaint here, the defendant must prove that it is more likely than not that a plaintiff's claims exceed $75,000. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (emphasis in original). A defendant also must satisfy this standard

where a "plaintiff alleges an amount in controversy below the jurisdictional amount." *Rogers*, 240 F.3d at 871.

Lowe's has not met its burden. Indeed, Lowe's has not offered any evidence demonstrating that Meade's claims more likely than not exceed $75,000. As noted above, Lowe's has not responded to Meade's motion to remand. Further, its Notice of Removal merely states, "[t]his is a civil action where the matter in controversy exceeds $75,000.00 exclusive of interest and cost . . . ." R. 1 ¶ 6. Such a statement, standing alone, does not satisfy Defendant's jurisdictional burden.

Moreover, Meade's counsel has submitted a "Declaration" stating that Meade will not "seek, request or accept damages in excess of $75,000.00, exclusive of interest and costs." R. 3, Attach. 1. Because a court generally determines the existence of subject matter jurisdiction as of the time of removal, *Rogers*, 230 F.3d at 871–72, some courts have held that post-removal stipulations regarding the amount in controversy are not effective. *See In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint."). Kentucky Rule of Civil Procedure 8.01(2), however, prevents a plaintiff from pleading unliquidated damages other than with "an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court." Recognizing this pleading limitation, courts in this District consistently have given effect to post-removal stipulations limiting damages to less than the federal courts' jurisdictional amount and have remanded cases based, at least in part, on such stipulations. *See, e.g.*, *Welch v. Progressive Ins. Co.*, No. 07-163, 2007 WL 1695431, at *3 (E.D. Ky. June 8, 2007); *Bowling v. Ryan*, No. 05-

331, 2005 WL 1875465, at *3 (E.D. Ky. July 29, 2005); *Fenger v. Idexx Labs.*, 194 F. Supp. 2d 601, 604–05 (E.D. Ky. 2002); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1308–09 (E.D. Ky. 1990).  As such, the declaration submitted by Meade's counsel further suggests that his claims more likely than not fall below $75,000.[1]

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)   Plaintiff's Motion to Remand, R. 3, is **GRANTED**.

(2)   This matter is **REMANDED** to the Pike Circuit Court and shall be **STRICKEN** from the Court's docket.

(3)   The hearing scheduled for September 15, 2008, at the United States Courthouse in Pikeville, Kentucky is **CANCELLED**.

This the 28th day of August, 2008.



Signed By:
*Amul R. Thapar*
United States District Judge

---

[1] Obviously, a "declaration" is not the equivalent of a "stipulation," which is generally signed by the Plaintiff.  As discussed above, however, Defendant has the burden.  Since no evidence has been presented that the amount in controversy exceeds $75,000, the Court need not decide whether a "declaration" alone would compel remand.